UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SDS KOREA CO. LTD.,** | Civ. No. 2:10-cv-4053 (WJM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **SDS USA, INC.,** *et al.*, | |
| Defendants. | |

    **THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendant XM Systems, Inc. ("XM"), a South Korean corporation, pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff also seeks a permanent injunction against XM, enjoining it from infringing Plaintiff's intellectual property. For the reasons stated below, the Court grants Plaintiff's motion in part and reserves on the remainder.

    Plaintiff commenced this action on August 6, 2010 against SDS USA, Inc., iBend, LLC, Simon Song, and various John Doe defendants, seeking damages and injunctive relief for federal trademark infringement, copyright infringement, unfair competition, and related claims. Defendants all filed answers. Plaintiff thereafter represented that it learned that XM was also involved in the allegedly wrongful conduct and sought leave to amend to add XM and several related claims arising from the same factual allegations. Defendants opposed. The Court granted leave, and, on February 21, 2011, Plaintiff filed the Amended Complaint naming XM as a party and adding new, but related, claims against all Defendants.

    Because XM is based in Korea, service on it is governed by the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters (the "Convention). *See* F. R. Civ. P. 4(f)(1). After filing the Amended Complaint, Plaintiff began the arduous process of attempting to serve XM pursuant to the Convention. Plaintiff simultaneously entered into settlement discussion with the three other Defendants. On August 16, 2011, this Court so ordered the parties' stipulation of partial dismissal, thereby dismissing the Amended Complaint without prejudice as against all Defendants other than XM

and dismissing with prejudice related counterclaims and a Third Party Complaint. On February 27, 2012, Plaintiff received a certificate from the proper South Korean authority attesting to the fact that XM was served on July 19, 2011 via personal service on one of its employees.

The time for XM to answer or otherwise respond to the Complaint has expired, and XM has failed to do so. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk has entered default against XM. Thereafter, Plaintiff filed the instant motion for default judgment. No opposition has been filed.

Prior to granting default judgment, the Court must undertake certain analysis, as the mere fact of default does not entitle Plaintiff to judgment. First, the Court must determined whether a sufficient cause of action has been stated, taking as true the factual allegations of the Amended Complaint. *See, e.g.*, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Amended Complaint, the motion, and the attached exhibits merit entry of a default judgment. The Amended Complaint alleges that Brian Song, Plaintiff's President, obtained a number of patents relating to Plaintiff's machine tooling business, including U.S. Patents 5787750, 5870919, 6128940, 6405574, and 7694543 (collectively, the "SDS Patents"). By March 1, 2006, all of the SDS Patents had been assigned to Plaintiff. The Amended Complaint further alleges that XM is designing, manufacturing, marketing, and selling a line of machine tools in the United States that are virtually identical to Plaintiff's products and that incorporate elements protected by the SDS Patents. In sum, the factual allegations of the Amended Complaint, taken as true, are sufficient to establish that XM is liable to Plaintiff for direct infringement of the SDS Patents.[1] Second, the Court finds that there is no basis for XM to claim a meritorious defense, and Plaintiff has provided ample evidence that XM is in fact still engaged in the practice of selling the infringing products. Third, it is clear that Plaintiff has been prejudiced by XM's failure to answer because Plaintiff has incurred additional costs, has been unable to move

---

[1] The Amended Complaint states various causes of action against all Defendants jointly, but Plaintiff's motion for default judgment against XM focuses entirely on its claims for patent infringement. As such, the Court assumes that Plaintiff's motion only seeks default judgment as to these claims.

2

forward with the case, and has been delayed in receiving the requested relief, including an injunction to prevent further infringement. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where, as here, a defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has established his entitlement to the entry of a permanent injunction under 35 U.S.C. § 283 preventing XM from further infringement in the United States. A plaintiff seeking a permanent injunction pursuant to Section 283 must satisfy a four-factor test before a court may grant such relief by demonstrating: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff has easily satisfied all four factors. XM, a direct competitor, is marketing and selling infringing machines in the United States and has thus far refused to stop or to even respond to Plaintiff's legal demands and submissions. XM has not appeared and thus has made no showing explaining how the balance of hardships might somehow tip in its favor. And protecting intellectual property is presumptively within the public interest.

Finally, Plaintiff requests that the Court award damages and attorney's fees. Under 35 U.S.C. § 284, Plaintiff is clearly entitled to an award of damages. But Plaintiff has not provided a sufficient basis for the Court to make the necessary factual determinations regarding the amount of damages, nor has the Plaintiff provided an adequate legal argument supporting its request for treble damages. Plaintiff must provide some legal and factual basis for its requests for damages, and must discuss the propriety of enhanced damages pursuant to relevant law. *See, e.g. Air Vent, Inc. v. Vent Right Corp.*, No. 08-cv-00146, 2011 WL 1237923, at *3-4 (W.D. Pa. Apr. 4, 2011) (discussing damage analysis for claims of patent infringement after entry of default judgment). Plaintiff did provide evidence supporting its assertion that XM had sold 21 infringing machines in the United States, but did not provide adequate evidence that but-for XM's infringement, Plaintiff would have sold the machines at issue. Nor did Plaintiff explain why it would be entitled to the entire sale value of those machines as opposed to a reasonable profit from the sale of those machines.

And although Plaintiff has provided sufficient evidence pursuant to local rules to support its request for attorney's fees, the Court will reserve on the award

of attorney's fees until after briefing on this motion is complete. Plaintiff may augment its request for fees to incorporate additional fees expended in responding to the Court's direction for additional briefing.

For the foregoing reasons and for good cause shown;

**IT IS** on this 10th day of May 2012, hereby,

**ORDERED** that default judgment is entered against Defendant XM Systems, Inc. in an amount to be determined; and it is further

**ORDERED** that XM Systems, Inc., together with its officers, employees, agents, successors, and assigns, are hereby permanently enjoined from manufacturing, importing, advertising, marketing, selling, leasing, offering for sale or lease, trading in, anywhere in the United States, any cutting or bending machines practicing or embodying any of the SDS Patents, including the following models identified in Plaintiff's submissions: C, E200, R400, M320, M320H, M400, M430, M430H, and P320; and it is further

**ORDERED** that Plaintiff shall have 14 days from the date of this Order in which to submit a concise letter brief addressing the issue of damages. Plaintiff may rely on its previous evidentiary filings, including the invoices, as it sees fit to support its letter brief, and may submit any additional evidence it deems appropriate. And it is further

**ORDERED** that Plaintiff shall send a copy of this Order to XM Systems, Inc. and such of its agents, successors, and assigns, and all others acting for, by, or in concert with XM Systems, Inc. as are known or become known.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**